# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| BILLY R. BRYCE, JR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:13-CV-28 |
| | § | |
| CAROLYN W. COLVIN, | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Plaintiff requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to his application for disability-based benefits. This matter has been referred to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a report recommending that the decision of the Commissioner be affirmed. The court has considered the report and recommendation filed on June 6, 2014 (Docket 16), and the Plaintiff's objections (Docket No. 17). The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. See Fed. R. Civ. P. 72(b). After careful consideration, the court concludes that the Plaintiff's objections are without merit. Therefore, the Court **ACCEPTS** the magistrate judge's recommendation, **OVERRULES** the Plaintiff's objections, and **AFFIRMS** the Commissioner's denial of benefits.

In his objections, Bryce repeats his initial claim that the ALJ erroneously rejected and weighed his treating doctor's opinion evidence, and objects that the magistrate judge engaged in

1

impermissible *post hoc* justification when he recommended that the ALJ's weighing of this evidence be affirmed. Bryce complains that the magistrate used supporting evidence from the medical record (that he claims was not discussed by the ALJ) to support the ALJ's decision to give his treating physician's opinion evidence only "some weight." Specifically, he argues that ALJ Mueller committed legal error in not adopting *one* statement (among 550+ pages) from a checklist form signed by Dr. Brown (treating physician) and Ms. Wilson (treating nurse practitioner) that Bryce can walk less than 2 hours and sit less than 6 hours in an 8-hour workday. Bryce argues that ALJ Mueller did not adequately explain why he only gave "some weight" to the treating physician evidence, and that the magistrate judge engaged in improper *ad hoc* justification because he provided "reasons to affirm the ALJ's erroneous evaluation of the opinion of Dr. Brown and Ms. Wilson[,] which the ALJ never discussed or relied on as a basis for rejecting or affording only 'some weight' to this medical opinion." (Dckt. No. 17, p. 3).

In his administrative opinion denying Bryce's claim for benefits, ALJ Mueller stated that he considered the opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and 416.927, and Social Security Rulings 96-2p (Giving Controlling Weight to Treating Source Medical Opinions), 96-5p (Medical Source Opinions on Issues Reserved to the Commissioner), 96-6p (Consideration of Administrative Findings of Fact by State Agency Medical Consultants), and 06-3p (Acceptable Medical Sources). While ALJ Mueller failed to *explicitly* list the reasons why he gave Dr. Brown and Ms. Wilson's medical source statement diminished weight, his opinion provides sufficient explanation. ALJ Mueller carefully lists and discusses the objective medical evidence from a variety of Bryce's treating specialists, which includes normal and less

restrictive findings than Dr. Brown and Ms. Wilson's.[1]  At the end of his three-page summary of the medical evidence, ALJ Mueller discusses Dr. Brown and Ms. Wilson's opinion evidence and states that he gives it *some* weight, choosing not to adopt the limitation that Bryce is limited to standing and/or walking less than 2 hours and sitting less than 6 hours in an 8-hour workday. Bryce is correct that ALJ Mueller "summarized the medical evidence and then later discussed the opinion of Dr. Brown and Ms. Wilson, stating he afforded this opinion 'some weight.'"  In fact, the sequential order of ALJ Mueller's analysis suggests that the objective medical evidence – previously summarized over three single-spaced pages – is what ALJ Mueller relied upon in giving Dr. Brown and Ms. Wilson's opinion evidence diminished weight.  Despite Bryce's allegation to the contrary, neither ALJ Mueller nor the magistrate judge relied exclusively on Dr. Bryce's non-examining state agency physician opinion evidence to constitute "substantial evidence" for the basis of their opinions.  Rather, ALJ Mueller and the magistrate judge mentioned Dr. Cremona's findings, in conjunction with treating physician notes and the entire medical record, as further support for their decisions.  ALJ Mueller's discussion of the evidence, analysis, and ultimate decision demonstrate that he formed an accurate and logical bridge from the evidence to the conclusion.

Bryce argues that an administrative law judge's failure to explain the weight he afforded to the treating doctor's opinion is in direct "violation of [S.S.R. 96-2p] that when a determination or decision is not fully favorable, 'the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the

---

[1] Despite Bryce's allegation to the contrary, this is the same medical evidence relied upon and discussed in greater length in the magistrate judge's report and recommendation.

3

reasons for that weight.'" (Docket No. 17, p. 6) (quoting S.S.R. 96-2p, 1996 WL 374188, at *5). Bryce also cites a recent holding in the Eastern District of Texas that remanded a case with similar facts based on the ALJ's failure to adequately explain the weight given. See Staley v. Astrue, 4:12-CV-00184, 2013 WL 2950057 (E.D. Tex. June 13, 2013).

The magistrate judge found that ALJ Mueller was excused from making the six-step analysis under C.F.R. 404.1527 because the regulation "does not require the ALJ to explicitly discuss each of the factors, . . . if the ALJ engages in a detailed discussion of the evidence and there are inconsistencies between the physician's opinion and the record." (Docket No. 16, p. 14) (citing Mitchell v. Astrue, No. SA-11-CA-0751-XR, 2012 WL 2368508, at *6 (W.D. Tex. 2012) (see also Rollins v. Astrue, 464 F. App'x 353, 358 (5th Cir. 2012) (holding that where there is reliable medical evidence from a treating or examining physician that controverts the claimant's physician, the detailed inquiry of each factor in § 404.1527(d)(2) is unnecessary)). The magistrate judge also found that the ALJ's decision was supported by substantial evidence.

Unlike the court in *Staley*, this court finds that the explanation for the weight given to the treating physician's opinion evidence, inferred from ALJ Mueller's detailed discussion of the conflicting medical evidence from Bryce's treating specialists, is "sufficiently specific to make clear" why only "some" weight was given to Dr. Brown and Ms. Wilson's medical opinions. Furthermore, the *Staley* holding is distinguishable from the instant case because when determining the prejudicial effect of the ALJ's failure to explain the weight given to the medical opinion evidence, the court in *Staley* found the "ALJ might have reached a different residual

4

functional capacity finding had he assigned greater weight to the [treating physician's] opinion after conducting the required analysis [under C.F.R. § 404.1527]."[2] Id., at *4.

Even were this court to assume *arguendo* that ALJ Mueller did not comply with 20 C.F.R. § 404.1527(c)(2) or Social Security Ruling 96-2p, such error would warrant reversal and remand only if the Plaintiff affirmatively demonstrated prejudice or survived harmless error review.[3] In this case, the magistrate judge provided a comprehensive summary of the 550+ page medical record to show conflicts between Dr. Brown and Ms. Wilson's opinion evidence and the objective evidence from Bryce's treating specialists. In doing so, the magistrate judge concluded that the six-step analysis detailed in 20 C.F.R. § 404.1527(c)(2) is unnecessary. Bryce did not provide a meaningful objection to this finding, and did not raise a new or novel argument as to why ALJ Mueller committed legal error by not conducting the six-step analysis.

The magistrate judge also analyzed ALJ Mueller's opinion and concluded that sufficient explanation was given for the weight given to Bryce's treating physicians. ALJ Mueller provided an extensive summary of the medical evidence, from which an inference can be made as to why Bryce's treating physician opinion evidence was given diminished weight. In fact, the

---

[2]  The six factors for assessing a treating physician's opinion as required by 20 C.F.R. §404.1527(c)(2) are: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician.

[3]  Harmless error analysis applies to administrative failure to comply with a *regulation*. See Frank v. Barnhart, 326 F.3d 618, 622 (5th Cir. 2003). An error is harmless unless there is reason to think that remand might lead to a different result. Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989); see also Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988).

Violation of a social security *ruling* merits remand only when a claimant affirmatively demonstrates prejudice. Hall v. Schweiker, 660 F.2d 116, 119 (5th Cir. 1981) (citing Pacific Molasses Co. V. Fed. Trade Comm'r, 356 F.2d 386 (1966). Prejudice is established by showing that additional evidence could have been produced, and "that the additional evidence might have led to a different decision." Newton v. Apfel, 209 F.3d 448, 458 (5th Cir. 2000) (citing Ripley, 67 F.3d at 557).

explanation was provided – perhaps discreetly – in ALJ Mueller's discussion of the medical evidence itself.

The task of weighing the evidence is the province of the ALJ, and the relative weight to be given to the evidence is within the ALJ's discretion. Chambliss v. Massanari, 269 F.3d 520, 523 (5th Cir. 2001). "Procedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected." Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988). "No principle of administrative law or common sense requires a court to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989).

The major policy underlying the harmless error rule is to preserve judgments and avoid waste of time. Gulf States Utilities Co. v. Ecodyne Corp., 635 F.2d 517, 520 (5th Cir. 1981). The ultimate decision is supported by substantial evidence, and remanding this case for ALJ Mueller to provide a *more* specific statement as to why he gave Dr. Brown and Ms. Wilson's opinion evidence diminished weight would be a waste of time and resources because the ALJ's explanation – although not written out as plainly as it could have been – provides sufficient justification. Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988). Therefore, remand is inappropriate.

Accordingly, the Plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is

**ADOPTED**.  A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

**So ordered and signed on**

**Aug 15, 2014**

_____
Ron Clark, United States District Judge